# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:07cv231

| | |
|---|---|
| C. BURGESS, )<br>)<br>        Plaintiff, )<br>)<br>Vs. )<br>)<br>EFORCE MEDIA, INC.; WIZARD )<br>HOLDING, INC.; ADKNOWLEDGE, )<br>INC.; BASEBALL EXPRESS, INC.; )<br>ALLEN-EDMONDS SHOE )<br>CORPORATION; INTERSEARCH )<br>GROUP, INC.; TRUSCO )<br>MANUFACTURING COMPANY; )<br>PRICEGRABBER.COM, INC.; )<br>SHOPZILLA, INC.; DAZADI, INC.; )<br>and SIX THREE ZERO )<br>ENTERPRISES, LLC, )<br>)<br>        Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on Allen-Edmonds Show Corporation's Motion to Dismiss (#27). Inasmuch as plaintiff is proceeding *pro se*, the court will provide certain procedural advice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), inasmuch as the instant motion seeks involuntary termination of this action with prejudice.

    (1)    Plaintiff is advised that his earlier attempt to take a voluntary dismissal

-1-

of this action under Rule 41, Federal Rules of Civil Procedure, was ineffectual inasmuch as one of the defendants, Pricegrabber.com, Inc., had already filed an Answer (see Docket Entry #11);

(2) if plaintiff wishes to now dismiss this case, he[1] has two options under Rule 41 remaining: he can either get the consent of all parties to entry of a dismissal, or he can move this court to dismiss this action. Plaintiff is advised that anything less than dismissal with prejudice is unlikely to bear fruit inasmuch as all defendants appear to have already retained counsel and expended resources in gearing up for this action; and

(3) is cautioned that he carries a heavy burden in responding to a motion to dismiss for failure to state a cause of action. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In responding to the motion to dismiss, plaintiff must show that he has stated a cause of action for invasion of privacy, trespass, and that a cause of action for "illegal"

---

[1] The court respectfully assumes that "C. Burgess" is one and the same person as Mr. Albert Charles Burgess, Jr., of Hendersonville, North Carolina, who has been a litigant in this court on a number of occasions. See 1:02cv280; 3:86cv503. Indeed, the signatures and P.O. Box numbers match in this case and in 1:02cv280.

conduct is recognized as a matter of law. Further, plaintiff must show this court that he has alleged facts that would support his prayer for punitive damages, such as that defendant has perpetrate a fraud, engaged malicious acts, or otherwise acted in a willful or wanton manner to th detriment of plaintiff. Finally, plaintiff is advised that if he fails to respond to defendant's motion, the court will summarily recommend that his claim be dismissed with prejudice. Plaintiff is further advised that this advice applies to all previously filed motions to dismiss that have not been resolved by a stipulation of dismissal with such party

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff file his response to defendant Allen-Edmonds Show Corporation's Motion to Dismiss not later than August 9, 2007, as well as any other previously filed Motion to Dismiss that has not been terminated through a bilateral stipulation of dismissal.

Signed: July 25, 2007

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge