# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV231

| | |
|---|---|
| C. BURGESS, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> EFORCE MEDIA, INC.; IWIZARD ) <br> HOLDING, INC.; ADKNOWLEDGE, ) <br> INC.; BASEBALL EXPRESS, INC.; ) <br> ALLEN-EDMONDS SHOE ) <br> CORPORATION; INTERSEARCH ) <br> GROUP, INC.; TRUSCO ) <br> MANUFACTURING COMPANY; ) <br> PRICEGRABBER.COM, INC.; ) <br> SHOPZILLA, INC.; DAZADI, INC.; ) <br> and SIX THREE ZERO ENTERPRISES,) <br> LLC, ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM <br> AND ORDER** |

**THIS MATTER** is before the Court on the timely filed objections by various parties to the Memorandum and Recommendation of United States Magistrate Judge Dennis Howell. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred Defendants' motions to dismiss to the Magistrate Judge for a recommendation as to

disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the Court finds, for the reasons set forth below, that the Memorandum and Recommendation is adopted in part and denied in part. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

## II. STATEMENT OF FACTS

The Magistrate Judge provides an exhaustive summary of the facts of this case in the Memorandum and Recommendation. Therefore, the Court recites only the facts below that have a direct bearing on the issues presented in the parties' objections to the Memorandum and Recommendation. The remaining facts are fully incorporated herein.

## III.  DISCUSSION

Before addressing the Magistrate Judge's Memorandum and Recommendation and as a preliminary matter, the Court determines from a review of the record in this case that Defendants Intersearch Group, Inc., and Trusco Manufacturing Company were never been served with the summons and complaint prior to the removal of this action on June 25,

2007.  *See* **Notice of Removal, filed June 25, 2007, at 2.**  Since removal to this Court, Plaintiff has not sought or perfected service as to these parties.  More than 120 days has elapsed since May 22, 2007, the date the action was filed in state court .  *Id*. **at 1.**  Therefore, the Court will dismiss these two Defendants for Plaintiff's failure to comply with the service requirements of Fed. R. Civ. P. 4(m).

As to the Defendant Six Three Zero Enterprises, LLC, Defendants state that Plaintiff and Defendant Six Three Zero entered into a settlement agreement prior to the removal of this action and that Defendant is no longer a party to these proceedings.  The Plaintiff has not disputed this assertion.  *Id*. **at 3.**  Therefore, Defendant Six Three Zero Enterprises will be dismissed from the action.

At the outset the undersigned notes that the parties have not specifically objected to that portion of the Memorandum and Recommendation granting the motions to dismiss of Defendants Adknowledge, Inc., Eforce Media, Inc., and Iwizard Holding, Inc.  "'Parties filing objections must specifically identify those findings objected to.'" ***Battle v. U.S. Parole Comm'n***, 834 F.2d 419, 421 (5th Cir.1987) (quoting ***Nettles v. Wainwright***, 677 F.2d 404, 410 n.8 (5th Cir.1982), ***overruled***

*on other grounds by Douglass v. United Servs. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996))**. Where specific objections are not filed, a district court should give such review to the memorandum and recommendation as it deems appropriate. ***Thomas v. Arn,* 474 U.S. 140, 152 (1985).** In this case, the Court has conducted a careful review of those portions of the Memorandum and Recommendation that were not the subject of a specific objection and concludes that they are correct. Accordingly, these portions are adopted and hereby incorporated in full.

As to those portions of the Memorandum and Recommendation to which specific objections were filed, this Court will conduct a *de novo* review. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

Defendants Pricegrabber.com, Inc., ("Pricegrabber") and Shopzilla, Inc. ("Shopzilla"), have each filed objections to the Magistrate Judge's recommendation that their stipulations of dismissals, signed by Plaintiff and the respective Defendants, be denied. Each stipulation is signed by the Plaintiff and each affected party Defendant. Each stipulation agrees that the dismissal of the action is with prejudice and is entered pursuant to Fed. R. Civ. P. 41(a).

The Magistrate Judge's recommendation is based on the grounds that the stipulations fail to comply with the provisions of Rule 41(a)(1) and the prior precedent of this Court as explained in *Gahagan v. North Carolina Hwy. Patrol*, 2000 WL 33946065 (W.D.N.C. 2000). In this case, however, the facts and relief sought are different in that by stipulation between Plaintiff and Defendants Shopzilla and Pricegrabber *all* disputes between the parties have been settled and there is nothing further to litigate. As a result, Rule 41 relief and/or the inherent power of the Court should be considered.

> Rule 41 provides as follows:
>
> Subject to Rules 23(e), of Rule 66 and of any federal statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

**Fed. R. Civ. P. 41(a)(1).**

As correctly determined by the Magistrate Judge, the Plaintiff's attempt at a dismissal without prejudice as to Defendant Pricegrabber was

clearly in violation of Rule 41(a)(1) in that Defendant Pricegrabber had already filed answer on July 2, 2007, and no parties other than Plaintiff had signed the dismissal.  ***ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66 (1st Cir. 2006); *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc.*, 434 F.3d 320, 324 (5th Cir. 2005).**  A voluntary dismissal by Plaintiff must occur before the filing of an answer or motion for summary judgment.  After that, the dismissal is in the discretion of the Court.  ***Nunez v. IBP, Inc.*, 163 F.R.D. 356 (D. Kan. 1995).**  Thus, the undersigned struck Plaintiff's "Dismissal without Prejudice" by Order filed July 19, 2007.  ***Marez Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544 (4th Cir. 1993).**

    The Court now addresses the objections of Defendants Pricegrabber and Shopzilla to the Memorandum and Recommendation.  It is first noted that the stipulation of dismissal related only to the Plaintiff and the two named Defendants.  The dismissals clearly state that all issues and claims between these two Defendants and Plaintiff have been resolved.  No reference is made to dismissal of other parties or to the dismissal of the action in its entirety.  There appears to be no way that any remaining party to the action could be prejudiced by the dismissal of the action as to these

two Defendants.  There being no indication or objection by any other party or suggestion of prejudice to other parties as a result of the proposed dismissals, it appears that the relief sought should be granted.  ***Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578***, **728 F. Supp. 1142 (D.N.J. 1990).**

> Within [Rule 41] there are three separate and distinct methods of voluntarily dismissing a suit.  The first and second methods are covered by Rule 41(a)(1) which provides for a dismissal by notice, and dismissal by stipulation of the parties.  The third method is found in Rule 41(a)(2) which provides for a dismissal by order of court upon such condition as the court considers just.

***American Cyanamid Co. v. McGhee***, **317 F.2d 295, 297 (5th Cir. 1963).** While the case may generally be dismissed by stipulation of all parties at any time, relief under Rule 41(a)(2), as noted above, states that an action may be dismissed at the plaintiff's request only by court order or "upon such terms and conditions as the court deems proper."  **Fed. R. Civ. P. 41(a)(2).**  However, "[t]he power to drop some plaintiffs or some defendants from the suit plainly exists, either in the Civil Rules or in the inherent power of the district court."  **Wright & Miller,** ***Federal Practice & Procedure: Civil 2d* §2362, at 251-52**.

Strictly construing Rule 41(a)(2) would require a motion by Plaintiff or a joint motion by Plaintiff and Defendant Pricegrabber as well as Defendant Shopzilla. Therefore, the Magistrate Judge cannot reasonably be criticized, but should be commended, for recommending *sua sponte* that the parties be required to strictly comply with the Federal Rules of Civil Procedure. In fact, the requirements of Rule 41(a)(1) or (2) were simply ignored.

> Notwithstanding the appeal of a bright-line test, a number of courts have rejected such a rigid approach to interpreting the rules. The idea behind these decisions, of course, is that when a stipulation is made to the court, the presiding judge has the opportunity to ensure that both parties agreed to the dismissal as per the intent of [Rule 41(a)(1) and (2)].

**Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995) (collecting cases).** As a result of the Memorandum and Recommendation, the Court has now had opportunity to review and consider all prior proceedings in this case. Having done so, the Court, in the best interest of all parties and judicial efficiency, determines that the stipulations of dismissal between Plaintiff and Defendants Pricegrabber and Shopzilla represent the intent of these named parties and should be accepted and enforced by the Court.

Lastly, the Defendant Allen-Edmonds Shoe Corp., moves the Court to dismiss Count Two of the complaint for failure to state a claim upon

which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's *pro se* pleadings are not a model of clarity but nevertheless suffice to state a claim for trespass to chattels. He sufficiently alleges actual possession of his computer and "unauthorized, unlawful interference" with his use of this personal property. ***Fordham v. Eason*, 351 N.C. 151, 155, 521 S.E.2d 701, 704 (1999)**; ***Burgess v. American Express Co.*, 2007 WL 1581439 (N.C. Super. Ct. 2007)**; ***America Online, Inc. v. LCGM, Inc.*, 46 F. Supp. 2d 444, 451 (E.D. Va. 1998)**; ***Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219 (N.D. Ill. 2005).** However, for the reasons stated in Defendant's motion, Plaintiff's claims for "illegal" activity, invasion of privacy, and punitive damages will be dismissed.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the motions to dismiss Count One of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) of Defendants Adknowledge, Inc., Eforce Media, Inc., and Iwizard Holding, Inc., are **ALLOWED**, and Plaintiff's claims as to these Defendants are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, all matters in controversy between Plaintiff and Defendant Six Three Zero Enterprises, LLC, having been settled before the action was removed to this Court, the Defendant Six Three Zero Enterprises, LLC, is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that, pursuant to the provisions of Fed. R. Civ. P. 41(a)(2) and the inherent authority of the Court, the Stipulation of Dismissals signed by the Plaintiff and Defendant Shopzilla, Inc., the Plaintiff and Defendant Pricegrabber.com, Inc., and the Plaintiff and Defendant Baseball Express, Inc., are hereby approved and affirmed by the Court and Defendants Shopzilla, Inc., Pricegrabber.com, Inc., and Baseball Express, Inc., are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims as to the Defendants Intersearch Group, Inc., and Trusco Manufacturing Company, are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the provisions of Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that the motion to dismiss of Defendant Allen-Edmonds Shoe Corporation is **ALLOWED IN PART**, and Plaintiff's claims as to invasion of privacy, "illegal" acts, and punitive damages contained in Count Two of the complaint are hereby **DISMISSED WITH**

**PREJUDICE.** The motion to dismiss is **DENIED** as to Plaintiff's claims of trespass to chattels.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to file response to the motion to dismiss is **DENIED**.

Signed: November 8, 2007

Lacy H. Thornburg
United States District Judge